UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ZEV YOURMAN,

                Plaintiff,

  -against-

NEW YORK STATE, NEW YORK
OFFICE OF COURT ADMINISTRATION,
JANE DOE,

                Defendants.
----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**22 CV 4880 (EK)(LB)**

**BLOOM, United States Magistrate Judge:**

*Pro se* plaintiff brings this action under 42 U.S.C. § 1983. In light of plaintiff's failure to comply with the Court's Orders to confirm the identity of the Jane Doe defendant he seeks to sue, it is respectfully recommended that this case should be dismissed for failure to prosecute pursuant to Rule 41(b).

## BACKGROUND

*Pro se* plaintiff commenced this action on August 15, 2022, alleging that he was refused entry to the Kings County Supreme Court on August 12, 2019 and on "several occasions" after. ECF No. 1. The complaint names as defendants the State of New York, the New York Office of Court Administration, and an unidentified Court Officer. Id. On September 27, 2022, the Court granted plaintiff *in forma pauperis* status and directed the Office of the New York State Attorney General (the "Office") to identify and provide a service address for the Jane Doe Court Officer pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam).[1] ECF No. 4. In response, the Office requested additional information from plaintiff, as thirteen female Court

---

[1] The Court declined to determine at that point whether the State of New York and the Office of Court Administration were proper parties to this action, and directed the Clerk of Court to serve a copy of the complaint and its September 27, 2022 Order on the Office of the New York State Attorney General and the Office of Court Administration.

Officers were on entrance duty on August 12, 2019, and the Court Officer who completed plaintiff's security screening, Bibi Mohabier, had no recollection of the incident plaintiff alleges. ECF No. 5.

On November 14, 2022, the Court ordered plaintiff to file a letter by November 28, 2022 informing the Court whether Officer Bibi Mohabier is the Jane Doe he seeks to sue in his complaint. ECF No. 6. Plaintiff failed to do so. On December 7, 2022, the Court afforded the plaintiff another opportunity to comply with the Court's November 4, 2022 Order and directed plaintiff to file this letter by December 28, 2022. ECF No. 7. The Court warned plaintiff that "if he fails to comply with the Court's deadline, [the Court] shall recommend that this case should be dismissed for failure to prosecute." Id. Plaintiff failed to file the letter and has not taken any action to prosecute this matter since filing his complaint on August 15, 2022.

## DISCUSSION

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders," and to diligently advance their case. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citing Minotti v. Lensink, 895 F.2d 100, 102 (2d Cir. 1990)). When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citations omitted). The power of a district court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962) (internal quotation marks omitted).

A court considering dismissal for failure to prosecute must consider five factors. Id. at 575. (citing United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). These factors include:

> Whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. (quoting Drake, 375 F.3d 254). A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. O'Rourke v. Nirvana, 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020), report and recommendation adopted by 2020 WL 2133174 (S.D.N.Y. May 5, 2020).[2] District Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. Id. When a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. See Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008).

Here, plaintiff's failure to respond to the Court's orders warrants dismissal. Plaintiff was ordered on two occasions to write to the Court to identify the Jane Doe he was seeking to name as a defendant. Despite the Court's warning that failure to comply with the Court's deadline to file the letter would result in dismissal of the case, plaintiff failed to act. ECF No. 7. Plaintiff has not taken any action to prosecute this matter since filing the complaint on August 15, 2022.

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute.

---

[2] The Clerk of Court is directed to send plaintiffs the attached copies of the unreported cases cited herein.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: February 17, 2023
       Brooklyn, New York